## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MITHUN BANERJEE,

     Plaintiff,

v.

STATE DEPARTMENT OF ASSESMENTS
AND TAXATION,

     Defendant.

Civil No. **23-01051 PJM**

---

MITHUN BANERJEE,

     Plaintiff,

v.

PNC BANK, NATIONAL ASSOCIATION

     Defendant.

Civil No. **23-1697 PJM**

---

MITHUN BANERJEE,

     Plaintiff,

v.

PNC BANK, NATIONAL ASSOCIATION

     Defendant.

Civil No. **23-1730 PJM**

**MITHUN BANERJEE,**

     Plaintiff,

v.

**PNC BANK, NATIONAL ASSOCIATION**

     Defendant.

Civil No. **23-1794 PJM**

---

**MITHUN BANERJEE,**

     Plaintiff,

v.

**TIMOTHY P. BRANIGAN**

     Defendant.

Civil No. **23-1932 PJM**

## MEMORANDUM OPINION

Mithun Banerjee (hereinafter MB), a Chapter 13 debtor, has been denied in forma pauperis (IFP) status by this Court in connection with the filing fee required for appeals taken from the Bankruptcy Court to this Court.[1][2] This Opinion explains why.

---

[1] *See* Attachment A: Order Denying IFP Status.

[2]    Despite the fact that MB's wife, Malancha Banerjee, is his Co-Debtor in this Chapter 13 proceeding, he may be attempting to proceed for himself alone in each of these proposed appeals. But if it is his intent to include his spouse as appellant, since he is not an attorney, he cannot represent her and she must enter her own appearance and make her own application under penalty of perjury to proceed IFP.

   But the Court would note: There is some question as to whether just one of two Chapter 13 Co-Debtors, especially where they are spouses, can appeal without joining the other Co-Debtor. If the appealing spouse wins or loses the appeal, would the non-appealing Co-Debtor be bound? Could the non-appealing Co-Debtor, in the event of a loss, pursue her own appeal on the very same issue pursued by the other in the hope of a different outcome?

   The Court will assume for present purposes that just the one Co-Debtor can pursue an appeal, although it would be an interesting question for the Fourth Circuit at some point to address.

This member of the Court has been assigned five appeals in which MB seeks IFP status to pursue each appeal.[3]

The Court notes that MB has filed several other attempted appeals from Bankruptcy Court decisions that are currently before other members of this Court, in which he also seeks IFP status, as well as several other civil cases, some now closed, where he sought IFP status.[4] The multiplicity of filings caught the Court's attention.

MB and his wife actually paid the filing fee ($313) in connection with their initial Chapter 13 petition, but MB has taken the position since then (September 2022) — under penalty of perjury — that he is unable to pay the filing fee for any appeals. That fact and the multitude of MB's IFP filings led the Court to re-examine the question of whether a Chapter 13 debtor is even eligible to file for IFP status in connection with his appeals from the Bankruptcy Court and, if so, whether MB has proven his eligibility for IFP status in connection with his attempted appeals. That examination has led the Court to some important conclusions.

## I.    Analysis

### A.  A Chapter 13 debtor is not, as a rule, entitled to proceed IFP in connection with appeals from the Bankruptcy Court to the District Court.

In *Bastani v. Wells Fargo Bank, N.A.*, 960 F.3d 976 (7th Cir. 2020), the U.S. Court of Appeals for the Seventh Circuit, in an opinion authored by the distinguished Circuit Judge Frank Easterbrook, held that a Chapter 13 debtor is not as a rule eligible for IFP in connection with appeals from the federal district court to the U.S. Court of Appeals:

---

As will be discussed, the most important conclusion in the present posture of the case is that even if MB can appeal without his wife, he is still obliged to report all her assets and values and all her income and all her expenses as well as his own in his own pursuit of IFP status.

[3] The current fee is $298 for each appeal. *See* Judicial Conference Schedule of Fees, Bankruptcy Court Miscellaneous Fee Schedule ¶ 14.

[4] *See* Attachment B for a list of relevant cases.

"To qualify for relief under Chapter 13, a person must have an income that enables her to pay most debts within five years and still have something left for living expenses. It is hard to see how someone eligible for relief under Chapter 13 could be unable to pay filing fees. To put this differently, a person who tells the bankruptcy court that she qualifies under Chapter 13 cannot persuade a court of appeals that she lacks money for judicial fees. This leads us to conclude that debtors in Chapter 13 cases cannot proceed on appeal *in forma pauperis* under § 1915, in the absence of extraordinary circumstances that we do not foresee."

*Id.* at 978. This Court finds the rationale of *Bastani* quite compelling and adopts it as its own in respect to appeals from the Bankruptcy Court to the District Court. As a result, the Court holds that "in the absence of extraordinary circumstances" MB, as a Chapter 13 debtor, is not eligible to proceed IFP in connection with his attempted appeals. *Id.*

**B. Even if a Chapter 13 debtor, in extraordinary circumstances, is eligible for IFP status, the burden of proving eligibility is upon the debtor.**

A Chapter 7 Bankruptcy is essentially a liquidation proceeding in which the debtor receives a discharge of most types of debt by giving up for distribution the debtor's nonexempt property. *See generally* 11 U.S.C. §§ 701–784. In a Chapter 13 proceeding, the debtor with regular income is able to adjust his or her debts. *See* 11 U.S.C. §§ 1301–1308, 1321–1330. In both types of proceedings, the debtor may seek the waiver of filing fees, either in connection with the initial filing or with respect to any appeal that may follow. IFP requests in Chapter 7 cases are specifically regulated by 28 U.S.C. § 1930.[5] Such requests in Chapter 13 cases are regulated by the more general statute dealing with IFP requests applicable in federal litigation, 28 U.S.C. § 1915. *See Bastani*, 960 F.3d at 977.

---

[5] "Section 1930(a) specifies fees for filing bankruptcy cases. Fees to commence the case must be paid, cf. *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), and § 1930(f)(1) limits the circumstances under which appellate fees may be excused for Chapter 7 debtors. Wells Fargo contends that, by not mentioning Chapter 13, § 1930(f) implicitly requires all appellate fees to be prepaid in full. Yet courts do not treat one statute as repealing another by silence. All § 1930(f) has to say about appellate filing fees in Chapter 13 is—nothing. That leaves § 1915 in place." *Bastani*, 960 F.3d at 977.

4

The Court in these cases, then, looks to 28 U.S.C. § 1915 as the appropriate standard for review of IFP requests. In pertinent part the statute provides that:

> "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(1). With regard to requests for IFP status in respect to appeals, the District Court, in connection with appeals from the Bankruptcy Court, uses a printed form for the applicant to fill out, entitled "Motion for Leave to Appeal In Forma Pauperis", which is to be executed under penalty of perjury.[6] On the form, there are blanks for the applicant to fill out as to income sources and amounts from employment and self-employment, from real property (such as rental income), interest and dividends, gifts, social security, public assistance (such as welfare), and other assets and values, except for clothing and household furnishings. The form requires that similar information also be supplied as to the would-be appellant's spouse.[7]

Affidavits in support of the IFP motion must set forth facts with some particularity, definiteness, and certainty. *See Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960). If the court finds that allegations of inability to pay are untrue

---

[6] *See* Federal Rule of Appellate Procedure 24, Proceeding in Forma Pauperis, which provides in relevant part, "[e]xcept as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
  (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs;
  (B) claims an entitlement to redress; and
  (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).
[7] The Court notes that the form MB has used in the present cases, which is apparently a form of the District Court, is not identical to the "Application to Appeal in Forma Pauperis" that is shown on the website of the Fourth Circuit. *See* Application to Appeal In Forma Pauperis, https://www.ca4.uscourts.gov/docs/pdfs/ifpapp.pdf. However, for present purposes they are essentially the same.

or that the action is frivolous or malicious, it may dismiss the case, stating its grounds, to be sure. *See Ragan v. Cox*, 305 F.2d 58, n.2 (10th Cir. 1962); *see also* Fed. R. App. P. 24(a)(3)(A).[8]

As to each of the five attempted appeals from the Bankruptcy Court before this member of the District Court, the Court finds such affidavits as MB has filed, especially those in connection with his recent attempted appeals to the Fourth Circuit, to be so incomplete and of such questionable reliability as to be unable to determine the affidavits' truthfulness, much less to be able to conclude that he has in any sense established the extraordinary circumstances that a Chapter 13 debtor is obliged to show. The Court explains.

C. **To date, MB has not come close to establishing his eligibility for IFP status in these cases.**

At first, especially in case PJM 23-cv-01051, MB claimed he was entitled to IFP status merely because, in his view, the Bankruptcy Court committed errors and also, perhaps, because he had been granted IFP status in connection with other appeals in the past. His recent attempts to supplement his request by formal motions will be examined presently.

To begin, however, MB's previous statements, albeit made under penalty of perjury, are not dispositive. To the extent any other court may have concluded otherwise, this Court declines to perpetuate what may have been inappropriate calls. It may well be that courts often grant IFP status in cases without close consideration of the true eligibility vel non of the applicant. But in the present cases, the Court has taken a closer look.

---

[8] "Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
(A) the district court — before or after the notice of appeal is filed — certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." Fed. R. App. P. 24(a)(3)(A).

To date, MB has not come close to establishing the "extraordinary circumstances" that might justify the grant of IFP status for the appeals.

Not only are there numerous critical incomplete fields in MB's financial affidavits; overall, the affidavits raise other important concerns.

As for assets, from the Court's review of several papers filed by MB in the past, it appears that both MB and his spouse co-own at least two residential rental properties in addition to their residence[9], and, quite possibly, have been receiving rental income from their residence at 13119 Fernedge Road in Silver Spring.[10] Notably, while MB reports only $291.75 per month in income from what purports to be a total for all rentals, not only is no income shown for his co-owner wife; schedules from earlier filings by MB repeatedly show that the income and expense MB has reported from each rental property match almost exactly to the penny. That, to say the least, is a remarkable coincidence.

There is also the matter of income from self-employment. Presumably this refers to Banerjee Holding (or Holdings) LLC, whose website suggests that MB is the sole owner and which claims to be engaged in several activities that may or may not be remunerative. Recent affidavits by MB report monthly income from self-employment in the hundreds of dollars. Now the field is left entirely blank. Further, monthly interest payments of $5.33 (once indicated as being far greater) are reported, but there is no asset or assets identified that generate the interest. There are also no reported bank accounts, stocks, bonds or the like.

---

[9] According to the Montgomery County Department of Housing and Community Affairs, MB (and the Banerjees) currently have no rental licenses, although one that they did have apparently lapsed for non-payment of the relevant fee.

[10] In an earlier affidavit, MB indicated a monthly motor vehicle installment payment of $282.12, payable to Rajyeswar and Batati Banerjee, living at 13119 Fernedge Road, Silver Spring. This is MB's residence. Presumably the payees are relatives of MB. Are they still living there? Are they paying rent? Are they in fact being paid each month?

Then there is the most glaring omission of all. In every one of his requests for IFP status, MB has left totally blank any assets of his spouse, not indicating they are zero or negligible, just leaving all the line items blank. Yet, as stated, it is clear that MB's spouse is the co-owner of all of his rental properties. What income, if any, might she be receiving as a co-owner or, indeed, as a property manager or employee of the properties?

Other troublesome omissions from MB's affidavit are that, except for a monthly mortgage payment of $5109 and one other item for motor vehicle installment payment of $242.12[11], he indicates no expenses at all for food, clothing, transportation (including international travel), insurance, internet, and the like. The Court finds these to be curious omissions for a family of three living in Silver Spring. What, then, is the Banerjee family doing to cover such expenses? Is Mrs. Banerjee covering them all by herself? If she is covering such expenses, what are the sources of her income? Are such expenses as these being run through MB's business or rental activities, for example? The Court, quite simply, cannot tell. As a result, the Court is not in a position to judge the reliability of MB's reporting for IFP purposes.

Given a litigant who wishes to be at liberty to file appeals without limit, whether or not meritorious, the foregoing considerations are more than a little concerning.

D. **The payment of a filing fee as part of an appeal from the Bankruptcy Court is of no small consequence from a policy standpoint.**

Lest the Banerjees believe that the Court is being unduly demanding, it is important to bear in mind what a filing fee represents.

A filing fee acts as a deterrent to the filing of frivolous appeals as well as serves as a contribution, albeit modest, toward the administrative costs of processing the appeal. A litigant

---

[11] This is presumably the same monthly motor vehicle installment payment referred to in note 10 as "282.12". *See supra* note 10.

8

will presumably give some forethought as to whether he wants to pre-pay the fee or forego an appeal. This consideration, of course, is magnified when the debtor wishes to pursue any number of appeals.

Beyond that, preparing a bankruptcy case for appeal takes a considerable amount of time on the part of the Bankruptcy Court.[12] *See In Re Daryl Green*, 641 B.R. 820 (Bankr. D. Md. 2022), *aff'd*, No. 22-1705, 2023 WL 3051812 (4th Cir. Apr. 24, 2023).[13] Processing the appeal in the district court, once it arrives, is also time-consuming. Then there is the time and effort that the party opposing the appeal must incur. Finally, of course, there is the time and attention that the District Judge to whom the appeal is assigned must take to study the record and draft an opinion. Meanwhile other would-be appellants must wait their turn. All these considerations remain operative even where the appeal is ultimately determined to be frivolous.

## II.    Conclusion

In view of the foregoing, the Court concludes that MB shall have thirty (30) days from the date of this Memorandum Opinion either (1) to pay the applicable filing fees or (2) to submit to the Court appropriate financial documents establishing his eligibility to proceed IFP in connection with the proposed appeals to this Court from the Bankruptcy Court. Relevant documents would include, first of all, fully complete financial affidavits; then, for the past three (3) calendar years, complete federal income tax returns for MB individually and jointly with his spouse, as well as for any company either owns or controls, e.g., Banerjee Holdings, LLC; copies

---

[12] *See* Attachment C, indicating what the processing of an appeal from the Bankruptcy Court in general and in MB's case in particular entails.

[13] The Court notes that in PJM 23-cv-01051, the Bankruptcy Judge denied MB's IFP status on the grounds that the attempted appeal would be "frivolous," a recognized ground for the denial of IFP. *See In re McDonald*, 489 U.S. 180, 184–85 (1989). In PJM 23-cv-01051, MB seeks to appeal — IFP — a decision of the Bankruptcy Court denying his efforts to subpoena a member of the State Department of Assessments and Taxation to testify about an assessment made to a Banerjee property. This Court does not rely on the Bankruptcy Court's reason — at least at this time. The key question at this juncture is simply whether MB is even eligible to seek IFP status to pursue his multiple attempts to appeal.

of statements for any bank accounts or any brokerage accounts of MB, his spouse, or of any company he and/or she controls for the past twelve (12) months. MB should also submit a written statement, under penalty of perjury, indicating why he believes his case presents the "extraordinary circumstances" that must accompany an IFP request by a Chapter 13 appellant.

MB should do this, at a minimum, in order to make a record for any appeal he may choose to take to the Court of Appeals from a possible decision by this Court confirming its original denials of his IFP status.

MB should take careful note: if, within thirty (30) days of this Opinion and Order, he does not pay the filing fees, or alternatively, within that thirty (30) days fails to submit appropriate documents to the Court, per the above, his five appeals before the Court may be subject to dismissal with prejudice.

A separate Order will **ISSUE**.

Date: August __23__, 2023

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**ATTACHMENT A**

| | |
|---|---|
| MITHUN BANERJEE and MALANCHA BANERJEE<br>    Appellants, | |
| v. | Civil No. **23-1051 PJM** |
| STATE DEPARTMENT OF ASSESSMENTS AND TAXATION,<br>    Appellee. | |

**ORDER**

"Appellants" Mithun Banerjee and Malancha Banerjee have recently filed an "Emergency Notice of Appeal" in the captioned case, including their request for waiver of the appeals fee in connection therewith. The request to waive the filing fee is **DENIED**. Unless that fee is paid within fourteen (14) days (without indicating in any way whether the appeal has merit), the appeal shall be of no effect whatsoever. It is as if the appeal has never been filed.

Pending further order of the Court, the Bankruptcy Clerk's Office and District Court Clerk's Office are **DIRECTED** not to process in any way the said appeals pleadings and they shall not stay this proceeding except in so far as a Bankruptcy Judge may rule to the contrary.

So ORDERED this _19_ day of _July_ 2023

_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**ATTACHMENT B**

| Case Number | Case Name | Filing Date | Fee Paid? | Cause of Action | Status |
|---|---|---|---|---|---|
| 17-3511-TDC | Banerjee v. Capital One, N.A. et al | 11/27/17 | Yes, by Capital One | Removal | Closed 7/16/18 |
| 19-31-TDC | Banerjee v. J.P. Morgan Chase Bank NA | 1/3/19 | No; IFP granted | FCRA | Closed 12/3/19 |
| 19-42-PX | Banerjee v. Washington Gas Light Co | 1/4/19 | No; IFP granted | Removal | Closed 1/9/19 |
| 19-862-TDC | Banerjee v. Deposition Services, Inc. et al | 3/22/19 | No; IFP granted | Removal | Closed 3/28/19 |
| 19-863-TDC | Banerjee v. Washington Gas Light Co., et al | 3/22/19 | No; IFP granted | Removal | Closed 3/28/19 |
| 19-1204-TDC | Banerjee v. Deposition Services, Inc. | 4/24/19 | No; IFP granted | Civil rights | Closed 11/22/19 |
| 19-1205-TDC | Banerjee v. Washington Gas Light Co, et al | 4/24/19 | No; IFP granted | Property damage | Closed 7/9/19 |
| 19-2804-PJM | Banerjee v. Bank of America | 9/23/19 | No | Personal Injury | Closed 9/26/19 |
| 19-3261-TDC | Banerjee v. | 11/12/19 | No; IFP granted | Removal | Closed 1/27/20. |

| | Price | | | | |
|---|---|---|---|---|---|
| 19-3263-PJM | Banerjee v. Dzatchou | 11/12/19 | No; IFP granted | Removal | Closed 2/12/20 |
| 20-674-GJH | Banerjee v. Vivint Solar Developer, LLC | 3/13/20 | No; IFP granted | Removal | Closed 1/21/21 |
| 20-2728-PX | Banerjee v. Greenberg | 9/21/20 | No; IFP granted | Civil rights | Closed 10/5/20 |
| 20-2729-GJH | Banerjee v. Mitchell | 9/21/20 | No; IFP granted | Civil rights | Closed 10/7/20 |
| 20-2731-PX | Banerjee v. Fogleman | 9/21/20 | No; IFP granted | Civil rights | Closed 10/5/20 |
| 20-2732-GJH | Banerjee v. McAuliffe | 9/21/20 | No; IFP granted | Civil rights | Closed 10/7/20 |
| 20-2751-PX | Banerjee v. Nationwide Recovery Service, Inc | 9/21/20 | No; IFP granted | FCRA | Closed 12/9/22 |
| 21-463-PX | Banerjee v. Nationwide Recovery Service, Inc. | 2/23/21 | No; IFP granted | FCRA | Closed 3/1/23 |
| 21-1233-PX | Banerjee v. Vivint Solar Developer LLC | 5/19/21 | No; IFP granted | Fraud | Closed 6/4/21 |
| 21-1234-PX | Banerjee v. Vivint Solar Developer LLC | 5/19/21 | No; IFP granted | Removal | Closed 6/4/21 |
| 21-1359- | Bank of America v. Banerjee | 6/1/21 | No; IFP never ruled upon | Removal | Closed 9/22/21 |

2

| | | | | | Pending with open motions |
|---|---|---|---|---|---|
| 21-1997 | Banerjee et al v. Rueger et al | 8/6/21 | No; IFP granted | Civil rights | |
| 21-2552-PX | Banerjee v. Kelly | 10/5/21 | No; IFP granted | Civil rights | Closed 4/26/22 |
| 21-2553-TDC | Bank of America v. Banerjee | 10/5/21 | No; IFP never ruled upon | Removal | Closed 10/7/21 |
| 21-2725-TDC | Bank of America v. Banerjee | 10/22/21 | No; IFP never ruled upon | Removal | Closed 10/26/21 |
| 21-2296-SAG | Banerjee v. Allstate Property & Casualty Ins. Co, et al | 9/7/21 | No; IFP granted | Removal | Closed 11/30/22 |
| 21-3110-TDC | Banerjee v. Bank of America, et al | 12/6/21 | No; IFP granted | Civil rights | Closed 10/12/22 |
| 21-3125-TDC | Banerjee v. Bank of America, et al | 12/7/21 | No; IFP granted | Civil rights | Closed 9/12/22 |
| 22-685-GLR | Banerjee et al v. Allstate Property & Casualty Ins Co | 3/21/22 | No; IFP never ruled upon | Personal injury | |
| 23-906-TDC | Banerjee v. SDAT | 3/31/23 | No | Bankruptcy Appeal | |
| 23-959-TDC | Banerjee v. Signal Financial FCU | 4/7/23 | No | Bankruptcy Appeal | |
| 23-1051-PJM | Banerjee v. | 4/18/23 | No | Bankruptcy Appeal | |

3

| (was TDC) | SDAT | | | |
|---|---|---|---|---|
| 23-1428-TDC | Banerjee v. Signal Financial FCU | 5/27/23 | No; IFP Pending | Civil Rights |
| 23-1509-TDC | Banerjee v. Branigan | 5/26/23 | No | Bankruptcy Appeal |
| 23-1697-PJM | Banerjee v. PNC Bank | 6/22/23 | No | Bankruptcy Appeal |
| 23-1730-PJM | Banerjee v. PNC Bank | 6/27/23 | No | Bankruptcy Appeal |
| 23-1794-PJM | Banerjee v. PNC Bank, NA | 7/5/23 | No | Bankruptcy Appeal |

4

# ATTACHMENT C

In general, a notice of appeal can take three hours or more to process from the time the notice is filed until a final order is entered. Appeals are considered priority filings and must be processed immediately.

## Step 1 – Preliminary Review and Notice to USDC (20-30 mins)

The first step in processing a notice of appeal is the preliminary review and initial transmittal to District Court. During the preliminary review the Case Administrator analyzes the case docket and the notice of appeal to confirm proper linkage and any other pending matters that may be impacted by the filing of the appeal. At this time the Case Administrator may issue deficiency notices for procedural discrepancies. The preliminary review of an initial transmittal can take 20 -30 minutes. Shortly after the initial transmittal the Case Administrator receives notice of the appeal case number, which is added to the bankruptcy case docket.

## Step 2 – Full Record Transmittal to USDC (45 mins to 60 mins, plus up to 45 mins for supplements)

The most time-consuming task related to appeals is prepping for the full record transmittal. To transmit, the Case Administrator must prepare a zip file of designated documents to transmit to District Court, which can take 45 mins to 1 hour depending on the number of documents that have been designated. It's not uncommon for the appellant to amend a designation or file documents in the bankruptcy court that are related to a pending appeal. When that happens, the Case Administrator must prepare a supplemental transmittal. Depending on the number of documents that need to be transmitted, supplemental transmittals can take anywhere from 30 mins to 45 mins.

## Step 3 – Maintenance (30 mins)

Once the full record has been transmitted the Case Administrator monitors the appeal case periodically for any updates. When a final order is entered in the appeal case, the Case Administrator enters the final order on the docket in the bankruptcy case and continues to monitor for appeals to the Court of Appeals. The maintenance of an appeal once transmittals are complete can take about 30 minutes total.

## Potential Additional Time (1-3 hours or more)

The time spent on appeals can increase exponentially for a few reasons. Appeals in complex chapter 11 cases can require a considerable amount of time because dockets are more voluminous. Appeals and designations filed by pro se parties can be unclear and require more time for docket review and issuing deficiency notices for failure to comply with basic procedures. Cases with multiple appeals can further increase processing time. Multiple appeals and the docketing related to them add complexity to the case docket. Case Administrators will take more time reviewing the case docket to ensure its accuracy and may need to enlist support from a peer or manager to confirm proper processing.

Case Administrator Specialists and managers quality review appeals. Complex cases increase the possibility for human error. In the event that the Case Administrator makes a mistake processing an appeal, significant time may be spent developing a plan of correction. The Case Administrator may need to take steps such as refiling a document, adjusting document linkage, and communicating with USDC.

Case Example: *22-15183 Mithun Banerjee and Malancha Banerjee*

Mr. Banerjee has so far filed 8 appeals in his pending bankruptcy case. Mr. Banerjee is required to file in paper as a pro se party. His appeals included multiple attachments, which takes additional time to review, organize, and file on the docket. With a case docket of over 300 documents as of August 10, 2023, Mr. Banerjee's case can be difficult to navigate. With multiple appeals pending at one time, the Case Administrator must more carefully review case dockets to avoid mistakes. Here's a picture of a portion of Mr. Banerjee's case docket where he files a notice of appeal and 2 designations for pending appeals. Over time, without careful consideration a Case Administrator can easily lose track of the status of an appeal. The more appeals that are filed, the more time is added to processing at every step of the appeal process.

| | | |
|---|---|---|
| 07/04/2023 | ◯ 263 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Mithun Banerjee (related document(s)277 Notice of Appeal filed by Debtor Mithun Banerjee). Appellee designation due by 7/18/2023. Transmission of Designation Due by 7/18/2023. (Attachments: # 1 Exhibit)(Arter, Laurie) (Entered: 07/06/2023) |
| 07/04/2023 | ◯ 262 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Mithun Banerjee (related document(s)176 Notice of Appeal filed by Debtor Mithun Banerjee). Appellee designation due by 7/18/2023. Transmission of Designation Due by 7/18/2023. (Attachments: # 1 Exhibit)(Arter, Laurie) (Entered: 07/06/2023) |
| 07/04/2023 | ◯ 261 | Notice of Filing of an Appeal to the U.S. District Court (related document(s)260 Notice of Appeal filed by Debtor Mithun Banerjee). (Arter, Laurie) (Entered: 07/05/2023) |
| 07/04/2023 | ◯ 260 | (1) Debtor Mithun Banerjee Emergency Notice of Appeal (2) Debtor Mithun Banerjee Emergency Notice of an Application of Leave to Appeal an Interlocutory Order (3) Requests for Waiver of the Appeal Filing Fees (4) Motion to Stay all Proceedings Pending Appeal Filed by Mithun Banerjee. Receipt Number Fee Due, Fee Amount $298 (related document(s)131 Order on Objection to Claim). Appellant Designation due by 7/18/2023 to include a descriptive title. (Arter, Laurie) Modified on 7/5/2023 to include a descriptive title. (Arter, Laurie). (Entered: 07/05/2023) |

Mr. Banerjee's case is specially assigned to a seasoned Case Administrator with expertise in managing appeals in complex cases. Appeals in cases like this are also reviewed with the Case Administrator by a manager to ensure accurate processing. Working in a case as complex as Mr. Banerjee's can add up to an additional 3 hours.